# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: DNCW301CR000130-001 |
| OMAR SHARIFF TOBIAS ) | USM No: 17327-058 |
| Date of Original Judgment: March 25, 2002 ) | |
| Date of Last Amended Judgment: May 2, 2011 ) | David Demers |
| | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ❏ the Director of the Bureau of Prisons ❏ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
  ❏ DENIED.  ■ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of   188 months   is reduced to   154 months  .

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Original Offense Level: | 37 | Amended Offense Level: | 33 |
| Criminal History Category: | IV | Criminal History Category: | IV |
| Original Guideline Range: | 292-365 months | Amended Guideline Range: | 188-235 months |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
❏ The reduced sentence is within the amended guideline range.
❏ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing and the reduced sentence is comparably less than the amended guideline range.
❏ The reduced sentence is above the amended guideline range.
■ Other (explain):  See Attachment "A."
  *Because all counts were grouped for guideline calculation purposes, the defendant is eligible for a reduction on all counts.

**III. ADDITIONAL COMMENTS**
Upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, it is ordered that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer.

Except as provided above, all provisions of the judgment dated   March 25, 2002   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   March 8, 2012

Effective Date: _____
(if different from order date)

Max O. Cogburn Jr.
United States District Judge

Attachment A

1. The previous sentence imposed under Rule 35 was less than the guideline range applicable to the defendant at the time of sentencing. The reduced sentence is not comparably less than the amended guideline range. On February 25, 2011, this court reduced defendant's sentence to 188, which was 64% of the guidelines range. Since such earlier reduction, defendant has received a number of serious disciplinary actions while in custody.

2. In the Commentary to § 1B1.10, the Sentencing Commission emphasizes that the decision to grant a sentence reduction authorized by amendments made retroactively applicable to defendants already serving time is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary.

3. In addition to considering the nature and circumstances of the offense, the history and characteristics of the defendant, and other sentencing factors set forth in 18 U.S.C. § 3553(a), Application Note 1(B)(iii) to § 1B1.10 explicitly provides that a court may consider post-imprisonment conduct of the defendant in determining both whether a reduction is warranted and the extent of any reduction. Id. § 1B1.10 cmt. n.1(B)(iii). This is fully consistent with current case law as post-sentencing evidence of defendant's efforts at rehabilitation may be considered at resentencing. Pepper v. United States, ___ U.S. ___, 131 S.Ct. 1229 (2011); United States v. Taylor, 2011 WL 4509506 (4th Sept. 30, 2011).

4. Having carefully considered defendant's post-imprisonment conduct along with other sentencing factors in 18 U.S.C. § 3553(a), the court finds that the 36% reduction previously allowed should be reduced to approximately 18 % of the bottom of the new advisory guideline range, resulting in a sentence of incarceration of 154 months.